IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE TRANSPARENCY PROJECT, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, et al <br><br> Defendants. | CIVIL ACTION No. 4:21CV121 <br><br> JUDGE SEAN D. JORDAN <br> MAGISTRATE CHRISTINE NOWAK |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE**

Defendants the National Security Agency (NSA), and the Central Intelligence Agency (CIA) respond to Plaintiff's Motion for Leave to File Supplemental Evidence [ECF 57] in support of its Amended Objections to Report and Recommendation (R&R) of United States Magistrate Judge [ECF 56].

**INTRODUCTION**

Plaintiff seeks to introduce eight exhibits in support of his amended objections to the magistrate report. The Court should deny Plaintiff's motion because Plaintiff fails to satisfy the *Performance Autoplex* factors, and the requested evidence is not proper summary judgment evidence.

## THE *PERFORMANCE AUTOPLEX* FACTORS

The Court directed the Plaintiff to address the following factors with respect to each new item of evidence offered in support of its amended objection:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

[ECF 54, quoting *Performance Autoplex II Ltd. V. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003)].

### A. Exhibits 1-3 [ECF 56-1, 56-2, 56-3][1]

Plaintiff seeks to offer Exhibits 1-3 in support of his objection to NSA's search for Parts 2-7 of the July 22, 202 Request (Surveillance). [Defendant's MSJ, ECF 32-6]. Exhibit 1 purports to be a printout of an article entitled "NSA Whistleblower Unearthed Project That Targeted U.S. Communications" (November 3, 2022), posted on a website called "shadowproof.com." [ECF 56-1]. Exhibit 2 purports to be an excerpt from an NSA OIG Report, dated February 12, 2016. [ECF 56-2]. Exhibit 3 purports to be a printout of an article entitled "NSA Analyst Accused of Multiple Willful Violations of Agency Authorities" (August 23, 2013), posted on a website called "salon.com."  [ECF 56-3].

1. Reason for Not Originally Submitting the Evidence

Plaintiff did not submit Exhibits 1-3 sooner because he claims to have just learned about them, and he "initially overlooked the fact that NSA had failed to search its Office

---

[1] Plaintiff mistakenly identifies the exhibits as attachments to ECF 45, which is the R&R, rather than the correct document ECF 56.

of Inspector General." [ECF 57, p. 2-3]. The Kiyosaki Declaration sets forth the terms of NSA's search in detail. Plaintiff's own negligence or carelessness in failing to properly read the declaration and identify any issues with the declaration should not justify his attempts to supplement the record at this stage of the proceedings.

   2. <u>Importance of the Evidence to Plaintiff's case</u>

As set forth in Defendants' Response to Plaintiff's Amended Objections to the Report and Recommendation of United States Magistrate, this evidence is of no consequence to Plaintiff's case because Plaintiff has already waived argument on this issue.

   3. <u>Availability of the Evidence Prior to Summary Judgment Briefing</u>

Exhibits 2 & 3 were available for years prior to summary judgment briefing. Exhibit 1 was available prior to Plaintiff's reply deadline during summary judgment briefing.

   4. <u>Likelihood of Unfair Prejudice to Defendants</u>

Admitting this evidence at this stage of the proceedings would be extremely prejudicial to Defendants, essentially allowing Plaintiff to supplement the record in perpetuity. This would create a moving target against which the Defendants would have to continuously defend.

   **B. Exhibits 4-6 [ECF 56-4, 56-5, 56-6]**

Plaintiff seeks to offer Exhibits 4-6 in support of his argument that NSA's *Glomar* responses were improper because they were based on NSA's improper interpretation of Plaintiff's requests. Exhibit 4 purports to be a partially redacted FISC Opinion dated

December 6, 2019. [ECF 56-4]. Exhibit 5 purports to be a printout of an online article entitled "John Durham Demands Documents from DNC, Hillary Clinton Campaign, Fusion GPS" (April 8, 2022), posted on nypost.com. [ECF 56-5]. Exhibit 6 purports to be an article entitled "Gaetz, Jordan Demand Answers from FBI on Workspace at Democratic Law Firm" (June 1, 2022), posted on foxnews.com.

Exhibits 4-6 were all previously referenced in Plaintiff's summary judgment briefing, so it is unnecessary for Plaintiff to seek to submit this evidence at this time. The Magistrate Judge had access to these exhibits at the time the Magistrate Report was drafted, so the exhibits were apparently not deemed persuasive or relevant.

### C. Exhibits 7 & 8 (ECF 56-7 & 56-8]

Plaintiff seeks to offer Exhibits 7 and 8 in support of his argument speculating that the CIA improperly asserted *Glomar* by illegally classifying documents to conceal violations of law. Exhibit 7 purports to be a printout entitled "Comment to Review Group on Intelligence and Communications Technologies Regarding the Effects of Mass Surveillance on the Practice of Journalism" (October 4, 2013), from www.dni.gov. [ECF 56-7]. Exhibit 8 purports to be a printout of an article entitled "Government Monitoring of Journalists, Then and Now" (May 22, 2013), posted on a blog at fas.org. [ECF 56-8].

1. <u>Reason for Not Originally Submitting the Evidence</u>

Plaintiff fails to explain why he could not have submitted these exhibits when he first raised the issue that the CIA, according to Plaintiff, illegally classified documents to conceal violation of the law in his Opposition to Defendants' Motion for Summary Judgment. His argument has not changed. The Magistrate Report flatly rejected his

argument, but the basis of his argument has not changed, so there is no valid reason why he could not have submitted this evidence with his original opposition.

2. <u>Importance of the Evidence to Plaintiff's case</u>

As set forth in Defendants' Response to Plaintiff's Amended Objections to the Report and Recommendation of United States Magistrate, this evidence is of no consequence to Plaintiff's case because Plaintiff's entire argument on this issue is based on speculation and nothing contained in these exhibits changes that.

3. <u>Availability of the Evidence Prior to Summary Judgment Briefing</u>

Exhibits 7 & 8 were available prior to summary judgment briefing.

4. <u>Likelihood of Unfair Prejudice to Defendants</u>

Admitting this evidence at this stage of the proceedings would be extremely prejudicial to Defendants, essentially allowing Plaintiff to supplement the record in perpetuity. This would create a moving target against which the Defendants would have to continuously defend.

## **IMPROPER SUMMARY JUDGMENT EVIDENCE**

The rules of evidence apply to summary judgment materials. *See* Fed.R.Civ.P. 56(c)(4), 56(c)(2) and 2010 Advisory Comm. Notes thereto. In the Fifth Circuit, evidence relied on at the summary judgment stage need not be presented in admissible form, but it must be capable of being presented in a form that would be admissible in evidence. *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 208 (5th Cir.2018). In other words, the substance of the evidence submitted on summary judgment must be admissible. *See, generally, Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

When a party fails to offer evidence in admissible form at the summary judgment stage, the opposing party may object by stating the evidence "cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2). The commentary to the 2010 Amendment of Rule 56 explains the procedure:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact *cannot be presented in a form that would be admissible in evidence*. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or *to explain the admissible form that is anticipated*.

Fed.R.Civ.P. 56, advisory committee note 2010 amend. (emphasis added).

The exhibits referenced by Plaintiff are not proper summary judgment evidence, and Defendants object to them on the grounds that they cannot be presented in a form that could be admissible in evidence pursuant to Rule 56(c)(2) because they are (1) inadmissible hearsay; (2) not capable of being properly authenticated by a person with personal knowledge; (3) contain conclusions and speculations that are not proper summary judgment evidence; and/or (4) are otherwise irrelevant, unreliable and untrustworthy.

**A. Hearsay**

Exhibits 1, 3, 5, 6, and 8 are printouts of online articles, which are "classic, inadmissible hearsay." *Roberts v. City of* Shreveport, 397 F.3d 287, 295(5th Cir. 2005). These exhibits do not meet any of the hearsay exceptions of Fed.R.Evid. 803.

### B. Not Capable of Proper Authentication

In order to authenticate a document pursuant to Rule 901 of the Federal Rules of Evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. *United States v. Barnes*, 803 F.3d 209, 217 (5th Cir.2015). The websites and online articles cited by Plaintiff cannot be properly authenticated, nor are they self-authenticating under Rule 902.

### C. Conclusions and Speculations

Further, to the extent that statements within Plaintiff's summary judgment briefing are based on the referenced online materials, those statements are not proper summary judgment evidence. Conclusions, speculations, and similar statements are insufficient to defeat a summary judgment motion. *In re Magnolia Fleet, LLC*, 722 Fed.Appx. 353, 354-55 (5th Cir. 2018). Conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992); *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir.2002) ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.").

### D. Irrelevant, Unreliable, and Untrustworthy

Overall, the online articles referenced by Plaintiff are not proper summary judgment evidence because they are simply irrelevant to the issues of this case. The issues before the Court are whether the Defendants conducted reasonable searches and made proper withholdings based on appropriate exemptions. The exhibits offered by

Plaintiff have no bearing on the adequacy of Defendants' searches or the appropriateness of the asserted exemptions.

Finally, several of Plaintiff's sources are not established news organizations and should be considered unreliable and untrustworthy from an evidentiary perspective. Plaintiff is unable to establish the reliability and credibility of sites such as shadowproof.com, salon.com, and fas.org/blogs.

## CONCLUSION

Plaintiff has failed to satisfy the *Performance Autoplex* factors to justify the submission of otherwise inadmissible evidence at this very late stage in the proceedings. Plaintiff's Motion for Leave to File Supplemental Evidence should be denied.

    Respectfully submitted,

    BRIT FEATHERSTON
    UNITED STATES ATTORNEY

    */s Andrea L. Parker*
    ANDREA L. PARKER
    Assistant United States Attorney
    Texas Bar No. 00790851
    550 Fannin, Suite 1250
    Beaumont, Texas 77701
    Tel:   (409) 839-2538
    Fax:  (409) 839-2550
    Email: andrea.parker@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2023, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney