IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE TRANSPARENCY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al<br><br>Defendants. | CIVIL ACTION No. 4:21CV121<br><br>JUDGE SEAN D. JORDAN<br>MAGISTRATE CHRISTINE NOWAK |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED OBJECTION TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Defendants the National Security Agency (NSA), and the Central Intelligence Agency (CIA) respond to Plaintiff's Amended Objection to Report and Recommendation of United States Magistrate Judge [ECF 56].

**INTRODUCTION**

Plaintiff raises five objections to the Magistrate Report, all of which are without merit. The Court should overrule Plaintiff's objections and adopt the findings in the Magistrate Report.

**STANDARD FOR OBJECTIONS TO MAGISTRATE REPORT**

To properly object to a magistrate report, a party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. [R&R, ECF 45, p. 102].

## PLAINTIFF'S OBJECTIONS

**Objection #1:**

Plaintiff argues generally that the Defendants erred by failing to apply specific exemptions to specific requests, and the Magistrate Report erred by failing to conduct an independent review. Significantly, Plaintiff concedes that he failed to point out each and every instance of the alleged shortcomings, and that it would be "nigh impossible" for him to argue the merits of each of his individual requests. [Plaintiff's Objections, ECF 56, pp. 2-3]. This concession alone should nullify his general objection. Additionally, Plaintiff's Objection #1 fails to identify the specific finding or recommendation to which objection is made, fails to specify the place in the Magistrate Report where the disputed determination is found, and only generally refers to the Defendants' briefing, i.e. "the Defendant agencies made shotgun arguments by applying broad, categorical exemptions to numerous, dissimilar requests," [Plaintiff's Objections, ECF 56, p. 3]. Thus, Plaintiff's Objection #1 fails for lack of specificity.

**Objection #2:**

Plaintiff argues the Magistrate Report errs by allowing the NSA to rewrite and artificially narrow certain portions of Plaintiff's requests, thereby presumably challenging the adequacy of NSA's search based on NSA's interpretation of these requests. First,

Plaintiff objects to the findings in the Magistrate Report at pages 52-53 and FN 24 regarding NSA's search for records about unlawful surveillance and seeks to offer three new exhibits in support of his argument.[1] [Plaintiff's Objections, ECF 56, p. 4]. The findings that are the subject of this objection refer to prongs 2-7 of the July 22, 2020 (Surveillance) request. [Defendant's MSJ, ECF 32-6]. NSA issued a no records response to this request, and Plaintiff stipulated prior to briefing that all "no records" responses were not at issue and did not need to be briefed. [Id., ECF 32-1]. Plaintiff abandoned this claim prior to briefing, so this portion of Objection #2 is without merit.

Next, Plaintiff objects to the Magistrate's findings that NSA's *Glomar* responses were appropriate based on NSA's interpretation of Plaintiff's requests, specifically the findings on pages 88 and 92 of the Magistrate Report. Plaintiff seeks to submit Exhibits 4-6 in support of this argument. As the Magistrate Report aptly notes, it is unclear what relevance Plaintiff's charge that Kiyosaki overly narrowed the description of the requests has, given NSA issued *Glomar* responses rather than conducting a search for records. Significantly, Plaintiff does not challenge the Magistrate Report's finding that Plaintiff's objections do not address standing for challenging a *Glomar* response. [R&R, ECF 45, p. 94]. This portion of Objection #2 fails for lack of standing to challenge NSA's *Glomar* responses.

Finally, to the extent that Plaintiff challenges the adequacy of NSA's search, he has failed to establish that NSA did not conduct reasonable searches. Plaintiff cites to no

---

[1] Defendants' objections to the exhibits referenced in Plaintiff's Amended Objections are set forth in a separate filing, Defendants' Response to Plaintiff's Motion for Leave to File Supplemental Evidence.

authority which allows a requester to dictate the terms of a search, nor are agencies required to conduct "perfect" searches. Rather, when an agency provides a reasonably detailed search declaration, explaining what records were searched, by whom, and through what process, the declaration is accorded a presumption of good faith to demonstrate compliance with FOIA. The Magistrate Report correctly found that the Kiyosaki Declaration established that NSA's searches were reasonable and adequate.

**Objection #4:[2]**

Plaintiff argues that the Magistrate Report erred by failing to compel NSA and CIA to segregate non-exempt records. Plaintiff's objection here is based on pure speculation, i.e. "while the CIA *might,* for example, have a legitimate basis for withholding the name of a covert employee or contractor who illegally searched an NSA database, it could and should redact any such names and then produce the responsive records." [ECF 56, p. 8]. It is unclear how this objection relates to NSA, as their responses were limited to no records responses or *Glomar* responses. As to CIA, the Plaintiff specifically waived objection to CIA's withholdings described in their *Vaughn* index. [Plaintiff's Response to MSJ, ECF 37, p. 11].

Further, Objection #4 fails to identify the specific finding or recommendation to which objection is made and fails to specify the place in the Magistrate Report where the disputed determination is found. Thus, Plaintiff's Objection #4 also fails for lack of specificity.

---

[2] Plaintiff inexplicably jumps from Objection 2 to 4. There is no Objection 3.

**Objection #5 & #6:**

Plaintiff argues that the Magistrate Report erred by briefing arguments that the Defendants waived, specifically with respect to Executive Order 13,526 §1.7(a), and allowed the CIA to hide documents behind an overly broad *Glomar* response. Plaintiff seeks to submit Exhibits 7 and 8 in support of this argument.

First, the only specific finding in the Magistrate Report to which objection is made is the reliance on *ACLU v. DOD*, 628 F.3d 612 (D.C. Cir. 2011) at page 99. Plaintiff objects to the Court's reliance on out-of-circuit authority. Other than that, Plaintiff fails to identify any specific finding or recommendation and fails to specify the place in the Magistrate Report where the disputed determination is found, so Objections #5 and #6 also fail for lack of specificity.

As to the merits of the argument, Plaintiff offers nothing but speculation that the CIA classified information with the purpose of concealing violations of the law. A plaintiff alleging that an agency has classified information to conceal a violation of law must provide something more than conjecture to show that the agency's withholding decision violates Executive Order 13, 526. *Smith v. U.S. Nat'l Archives & Recs. Admin.*, 415 F.Supp.3d 85, 97 (D.D.C. 2019). The Magistrate Report correctly determined that Plaintiff's challenge to the Exemption 1 *Glomar* responses by CIA and NSA were based solely on speculation and improper. As to Plaintiff's allegation that Defendants waived argument on this issue by failing to brief it, Exemption 1 is clearly asserted and explained within the agency declarations and Defendants' briefing. And as Plaintiff has posited repeatedly, the magistrate judge has a duty of independent review in FOIA cases.

## CONCLUSION

Plaintiff has failed to file any legitimate objections to the detailed, comprehensive, and well-reasoned Magistrate Report. The Court should overrule Plaintiff's objections and adopt the findings in the Magistrate Report.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

*/s Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney
Texas Bar No. 00790851
550 Fannin, Suite 1250
Beaumont, Texas 77701
Tel:   (409) 839-2538
Fax:   (409) 839-2550
Email: andrea.parker@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, a true and correct copy of the foregoing document was filed electronically with the court and has been sent to counsel of record via the court's electronic filing system.

*/s/ Andrea L. Parker*
ANDREA L. PARKER
Assistant United States Attorney